IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| NATHANIEL J. ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 17-cv-8413 |
| ) | |
| v. ) | Judge Manish S. Shah |
| ) | |
| CERMAK HEALTH SERVICES, ) | |
| DR. SUNITA B. WILLIAMSON, ) | |
| COOK COUNTY HOSPITAL, COOK COUNTY ) | |
| DEPARTMENT OF CORRECTIONS, and ) | |
| SHERIFF OF COOK COUNTY, ) | |
| ) | |
| Defendants. ) | **JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT

Nathaniel J. Alexander, by and through his undersigned attorneys, for his amended complaint against Defendants Cermak Health Services, ("Cermak"), Dr. Sunita B. Williamson, Cook County Department of Corrections ("CCDOC"), Sheriff of Cook County, Cook County Hospital, state as follows:

### NATURE OF THE CASE

1.	Plaintiff Nathaniel J. Alexander brings this amended complaint pursuant to 42. U.S.C. 1983 to redress violations of his rights under the United States Constitutions. Alexander's injuries stem from Defendants' failure to provide adequate and proper medical care and treatment to Alexander, despite knowing of Alexander's pre-existing medical conditions and sensitivity to infection.

2.	On information and belief, Alexander was under treatment for his skin problem at Cermak from October 2013 to June 2017. Defendants prescribed a medication known as Diphenhydramine and Hydrocortisone, topical ointment, to treat his psoriasis and chronic rash.

23291553.1

The medication however had the opposite effect and increased Alexander's skin infection to alarming levels. On May 23, 2017 Alexander visited Dr. Sunita B. Williamson and Andrey Shindryaev, at Cermak, complaining about redness on his back and insomnia due to the constant irritation. Despite of being aware of Alexander's psoriasis, chronic rash and past medical history, Dr. Williamson only prescribed Diphenhydramine and told Alexander that she knew the showers and living quarters at CCDOC were practically inhabitable and there was nothing else she could do.

3. Alexander was sent to Cook County Hospital to have his skin tested but instead he was merely sent back to CCDOC without any testing and given Diphenhydramine, a medication that has caused many side effects such as blurred vision, diarrhea, constipation and discomfort with his contacts.

4. Finally, after three years of pain and suffering, on or around August 2017, Alexander was given Fluconazole, at Stateville Correctional Center. Fluconazole is an antifungal which can treat and prevent fungal infections. Alexander no longer suffers from chronic rashes, however he is still taking Benadryl for itches and the scars of the previous inadequate treatment are left on his skin.

5. Defendants, Cermak Health Services and Cook County Hospital, Dr. Sunita B. Williamson failed to provide adequate and proper medical care to Alexander when continuing prescribing Diphenhydramine has resulted in sever skin damages and aforementioned side effects.

6. Defendants, all acting under color of state law, showed deliberate indifference to Alexander's medical condition, thereby prolonging his pain and suffering and aggravating his physical injuries, all in violation of the Eight Amendment and the Fourteenth Amendment of the

United States Constitution and 42 U.S.C. § 1983. Alexander seeks an order compelling Defendants to provide the treatment necessary to address his serious medical needs, as well as compensatory and punitive damages.

## THE PARTIES

7. Alexander is an individual who is currently incarcerated at Stateville in Joliet, Illinois. Alexander was previously incarcerated at Cook County jail.

8. Defendant Cermak Health Services is the daily provider of healthcare to detainees at the Cook County Department of Corrections.

9. Defendant Dr. Sunita B. Williamson is a doctor at Cermak Health Services in Chicago, Illinois. On information and belief, she is an employee of Cermak. She is named in her individual and official capacity.

10. Defendant Cook County Department of Corrections is a jail in Cook County Illinois.

11. Defendant Sheriff of Cook County is located in Cook County, Illinois.

## JURISDICTION

12. Jurisdiction of this action is proper in this Court under 28 U.S.C. § 1331 and § 1343, this suit being authorized by 42 U.S.C. § 1983 to redress the deprivation of rights, privileges, and immunities guaranteed by the Eight Amendment and the Fourteenth Amendment of the United States.

## VENUE

13. Pursuant to 28 U.S.C. § 1391, venue is proper in this Court because the events at Cermak Health Services giving rise to this lawsuit took place in this District.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

14. Alexander has exhausted his administrative remedies by unsuccessfully pursuing the IDOC grievance with respect to each claim set forth herein. Upon information and belief, although Alexander filed two grievances with IDOC, the agency has not processed or returned any of the grievances to Alexander.

**FACTUAL BACKGROUND**

**Alexander's Inappropriate Treatment at Cermak
From October/November 2013 to June 2017**

15. On November 1, 2013 Plaintiff submitted a Health Services Request Form ("HSRF") with Felicia Ogbuli, a Registered Nurse ("RN") at Cermak indicating that he suffers from skin rashes on mid-back. Alexander was given Hydrocortisone cream and Tylenol.

16. The rash started out as a small spot then it bloomed into a large mass on his back, besides being very large it was very painful, created a discharge and still itches.

17. On May 20, 2014, a Certified Physician Assistant diagnosed Alexander's skin issue as Seborrheic Dermatitis, which is a skin disease that causes scaly patches and red skin, and Psoriasis, which is a disease related to the immune system that causes raised, red, scaly patches to appear on the skin. He also noted that Alexander is suffering from chronic psoriasis and there has been no acute changes.

18. On August 8, 2014 Alexander had a follow up visit with Dr. Ronal F. Ledvora. He also indicated that Alexander is suffering from psoriasis.

19. Despite of recognizing and diagnosis of Alexander's rash and skin problem, Alexander never received appropriate and adequate treatment. Approximately one year later, on

October 5, 2014, Alexander's pain was more than usual, there was no x-ray ever scheduled and he was only given Benadryl and Diphenhydramine for his chronic rash.

20. Alexander's pain and suffering continued during 2015.

21. On information and believe Alexander at different times submitted refill request for Benadryl and Diphenhydramine.

22. On September 6, 2015, RN. Puline Ude, diagnosed Alexander's skin rashes as a disease with potential for infection and skin integrity and prescribed Bacitracin.

23. Alexander continued suffering from Defendants' inadequate treatment during 2016. For instance, on June 19, 2016 Alexander submitted a health service request with Correctional Medical Tech II, Marva Douglas, complaining of skin/ rash issues, indicating that his back is very irritated, the cream he was given was not doing anything to stop the itching. By scratching, it began spreading more.

24. On June 22, 2016, Alexander had a follow up visit. He was given one cream for the scalp and one for the back but the back cream did not work and it burned the skin.

25. Defendants only prescribed Benadryl, and Diphenhydramine and topical ointment such as Hydrocortisone. As a result of Defendants' inappropriate and inadequate medical care, Alexander continued the unnecessary pain and suffering.

26. On January 1, 2017, Alexander submitted a health service request with Shirley Mcbride, an Emergency Resp. Technician, still complaining of skin rash, boils or sores.

27. On March 14, 2017, Alexander visited Dermatologist Sangeetha Venkatarajan, complaining of skin rashes. Dr. Venkatarajan diagnosis was Dermatitis in Sub Derm Distribution and prescribed Benadryl.

28. Defendants at different times prescribed only Diphenhydramine and Benadryl for Alexander's chronic rash and as a result of failure to provide proper and adequate medical care, Alexander continued to suffer. The rash was spread to his face and he had insomnia issues due to skin itchiness and irritation.

29. On May 17, 2017 Plaintiff submitted a grievance pertaining to a rash that had appeared on his back two years and three months before his first grievance.

30. The first grievance filed after three exhausting years of Cermak Health Services and Cook County Hospital where plaintiff endured multiple creams, ointments, antibiotics and a host of other unidentified treatments that did not work. Plaintiff became an experiment for the Defendants to "try treatments out on", in addition to the living condition being a factor in plaintiff's infectious contamination.

31. On May 23, 2017 Alexander visited Dr. Sunita B. Williamson and Andrey Shindryaev, at Cermak, complaining of redness on back and insomnia due to constant irritation. Despite of being aware of Alexander psoriasis, chronic rash and past medical history, Dr. Williamson only prescribed diphenhydramine and told Alexander that she knew the showers and living quarters were practically inhabitable and there was nothing else she could do.

32. On information and belief, Defendants prescribed Diphenhydramine for Alexander which did not work for his skin allergy and rashes and they failed to change the mediation to treat the pain and suffering.

33. On information and belief, Plaintiff was sent to Cook County Hospital to have his skin tested but instead Plaintiff was merely sent back without any testing and given Diphenhydramine, a pill that has caused many side effects such as blurred vision, diarrhea,

constipation, and discomfort with his contacts. Plaintiff was given Diphenhydramine once in the morning 50 mg and 50 mg at night.

34. Plaintiff contacted Sergeants, Lieutenants, and Captains in Cook County Department of Corrections requesting that all showers and cells be sanitized only to be told "contact Cermak for the rash"!

35. The conditions of Plaintiff's incarceration were so poor it aggregated his rash.

36. On June 1, 2017, Plaintiff filed an appeal to the first grievance which CCDOC cleared due to Plaintiff's IDOC replacement.

37. On July 3, 2017, Plaintiff filed an appeal to the second grievance which came with the same response, in addition to stating that Plaintiff had been seeing the dermatologist for 27 months with a skin condition that is chronic.

38. Defendants, Cermak Health Services, Cook County Hospital and Dr. Sunita B. Williamson failure to provide adequate and proper medical care to Alexander by continuing prescribing Diphenhydramine, has resulted in sever skin damages and aforementioned side effects.

**Alexander's Treatment at Stateville Since August 2017**

39. In June 2017, Alexander was transferred from Cook County Jail to Stateville.

40. Finally, after three years' pain and suffering, on or around August 2017, Alexander was given Fluconazole, at Stateville Correctional Center. Fluconazole is an antifungal which can treat and prevent fungal infections. Alexander no longer suffers from chronic rashes, however he is still taking Benadryl for itches and the scars of the previous rashes caused by the inadequate medical treatment still remain on his back. Alexander was also given Therapeutic shampoo for his scalp.

## COUNT I

### Inadequate Medical Care-Against Dr. Williamson, Cermak Health Services, and Cook County Hospital

41. Plaintiff re-alleges and incorporates by reference the allegations set forth in the paragraphs above as though fully set forth herein.

42. Alexander has (had) a serious medical need. Defendants at different times recognized the rash issue as a serious medical condition and said this is the condition that requires treatment. The seriousness of the rash on Alexander's back which has bloomed into a large mass on his back and spread to his face, is so obvious that even someone who is not a doctor would recognize that it requires treatment.

43. Defendants Dr. Williamson, Cermak health Services, and Cook County Hospital were all aware of Alexander's rashes and attendant problems. Defendants, at different occasions prescribed Diphenhydramine and were aware of Alexander's serious medical need. Additionally, diagnosing the skin rashes as chronic medical condition but prescribing only Diphenhydramine for it, demonstrates that Plaintiff had a serious medical need but Defendants' failed to rectify the problem.

44. Defendants consciously failed to take reasonable measures to provide treatment for Alexander's serious medical need. Subsequent to learning of Alexander's serious medical conditions, Defendants were deliberately indifferent to Alexander's rash and attendant problems by applying improper treatment under the circumstances. There is no dispute that Defendants provided some care, however by prescribing the same medication without seeing any recovery or improvement, Defendants knew their actions likely would be ineffective.

45. As a result of Defendants improper treatment of Alexander, Alexander has suffered pain and suffering, and Alexander continues to suffer from severe pain as a result of

sever skin rashes, side effects of Diphenhydramine, and attendant problems such as blurred vision, and discomfort with his contacts.

46. Each of the actions and/ or omissions of Dr. Williamson, Cermak Health Services, and, Cook County Hospital, was taken under color of state law.

47. Dr. Williamson, Cermak Health services, Cook County Hospitals' improper treatment of Alexander's rash and akin problems violated the Eight Amendment, U.S. Const. amend. VIII, and the Fourteenth Amendment, U.S. Const. amend. XIV, as is protected by 42 U.S.C. § 1983.

48. Defendants, Dr. Williamson, Cermak Health Services, and Cook County Hospital should also be liable for punitive damages as a result of their actions.

WHERFORE, Alexander prays that this court enter judgment in his favor and against the Defendants and award the Plaintiff (i) damages for the violation of his right and compensation for pain and suffering due to injury mentioned in the amount of $75,000.00; (ii) damages for emotional distress suffered due to conditions mentioned above, (iii) the cost of this lawsuit, including reasonable attorneys' fees, (iv) punitive damages, and (v) any further relief that this court deems appropriate and just.

## COUNT II
### *Monell* Claim Against Cermak Health Services

49. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as though fully set forth herein.

50. On information and belief, Cermak employs Defendant Dr. Williamson.

51. Cermak has a policy of inadequately staffing medical personnel which results in prisoners not receiving the medical treatment they require.

52. Cermak fails to employ personnel competent to treat inmates' serious medical need, which results in inmates receiving inadequate and improper medical treatment.

53. Cermak policies compounded Alexander's pain and suffering by causing Defendant, Dr. Williamson to improperly treat Alexander despite the obvious lack of effectiveness of the treatments.

54. As a result of Defendants' failure to properly treat Alexander, Alexander has suffered pain and suffering, and Alexander continues to suffer from severe pain and suffering,

55. Each of the Defendant's actions (or failure to act) was taken under color of law.

56. Dr. Williamson's failure to properly treat Alexander's rash and skin problem violated the Eight Amendment, U.S. Const. amend. VIII, and the Fourteenth Amendment, U.S. Const. Amend. XIV, as is protected by 42 U.S.C. § 1983.

57. Cermak is liable for punitive damages as a result of its practices and customs which resulted in Alexander's injury.

WHEREFORE, Alexander prays that this court enter judgement in his favor and against Defendant Cermak and award the Plaintiff (i) damages for the violation of his rights and compensation for pain and suffering due to the injury mentioned in the amount of $75,000.00; (ii) the costs of his lawsuit, including reasonable attorneys' fees, (iii) punitive damages, and (iv) any further relief that this Court deems appropriate and just.

### *Monell* Claim Against Cook County Hospital

58. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraph above as though fully set forth herein. Cook County Hospital fails to employ personnel competent to treat inmates' serious medical need, which results in inmates receiving improper medical treatment.

59. Cook County Hospital policy compounded Alexander's pain and suffering by causing doctors to improperly treat Alexander despite the obvious lack of effectiveness (and in fact, harmful adverse effects) of the treatment.

60. On information and belief, Plaintiff was sent to Cook County Hospital to have his skin tested but instead Plaintiff was merely sent back without testing and given Diphenhydramine, a pill that has caused many side effects such as blurred vision, diarrhea, constipation and discomfort with his contacts. Plaintiff is currently taking the Diphenhydramine. Plaintiff was given it once in the morning 50mg and 50mg at night.

61. As a result of Defendant's failure to properly treat Alexander's rashes, Alexander has suffered pain and suffering, and Alexander continues to suffer from severe pain as a result of his injuries.

62. Defendant's action was taken under color of law.

63. Cook County Hospital doctors' failure to properly treat Alexander's skin problems violated the Eight Amendment, U.S. Const. amend. VIII, and the Fourteenth Amendment, U.S. Const. Amend. XIV, as is protected by 42 U.S.C. § 1983.

64. Cook County Hospital is liable for punitive damages as a result of its practices and customs which resulted in Alexander's injury.

WHEREFORE, Alexander prays that this court enter judgement in his favor and against Defendant Cook County Hospital and award the Plaintiff (i) damages for the violation of his rights and compensation for pain and suffering due to the injury mentioned in the amount of $75,000.00; (ii) the costs of his lawsuit, including reasonable attorneys' fees, (iii) punitive damages, and (iv) any further relief that this Court deems appropriate and just.

### *Monell* Claim Against Sheriff's Department of Cook County

65. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraph above as though fully set forth herein.

66. County has widespread policy disregarding detainee's medical needs.

### A. Policy 1 ( "Nonpsychotropic Medication Screening Policy")

An unqualified intake screener, without consulting a physician, would discontinue prescribed nonpsychotropic medication after a detainee provided notice that it had been prescribed by the detainee's physician. Examples of these medications included but not limited to those prescribed to treat the detainee's asthma, diabetes, congestive heart failure, infection, pain, enlarged prostate, acid reflux, and hepatitis C.

### B. Policy 2 ("Post-Screener-Denial Policy")

After an intake screener discontinued prescribed nonpsychotropic medication, CCDOC did not provide a speedy procedure that allowed a detainee to see a physician in order to override the intake screener's determination.

### C. Policy 3 ("Hospital-to-CCDOC Transfer Policy")

CCDOC has a policy of discontinuing prescribed nonpsechotrophic even when a detainee was transferred from a hospital to CCDOC with prescribed medications relating to the conditions for which the detainee was hospitalized. This process is based on the presumption that detainees who arrive at CCDOC in this manner were required to go through a different intake process than all other detainees such that this policy was not redundant of the Nonpsychotropic Screening Policy.

> **D. Policy 4 ("Failure to have a system in place to allow for prompt review of inmate's medical record")**.

Prisoners medical request form are not collected every day.

67. Cook County Hospital has been aware of the risk created by the custom and practice and has failed to take appropriate steps to protect plaintiff.

68. Unofficial Custom or Practice of Defendant's caused the constitutional harm and subsequent pain and suffering.

69. Cook County Hospital's widespread policy of disregarding Alexander's medical needs violated the Eight Amendment, U.S. Const. amend. VIII, and the Fourteenth Amendment, U.S. Const. Amend. XIV, as is protected by 42 U.S.C. § 1983.

70. Cook County Sheriff's Department should be liable for punitive damages as a result of its practice and customs resulted in Alexander's injury.

WHEREFORE, Alexander prays that this court enter judgement in his favor and against Defendant Sheriff Department of Cook County and award the Plaintiff (i) violation of his rights and for compensation for pain and suffering due to the injury mentioned above in the amount of $75,000.00, (ii) the costs of his lawsuit, including reasonable attorneys' fees, (iii) punitive damages, and (iv) any further relief that this Court deems appropriate and just.

### Claim Against Sheriff of Cook County

71. Sheriff of Cook County is the highest authority of Cook County Sheriff's department.

72. Sheriff has been aware of the risk associated by the widespread custom and practice of Sheriff's Department of Cook County.

73.     Sheriff has failed to take appropriate step to amend or otherwise modify Sheriff Department's custom and practice and, subsequently failed to take appropriate steps to protect Plaintiff.

74.     As a result, Alexander's constitutional injuries were caused by Sheriff with "final policymaking authority."

75.     Sheriff of Cook County violated Alexander's the Eight Amendment, U.S. Const. amend. VIII, and the Fourteenth Amendment, U.S. Const. Amend. XIV, as is protected by 42 U.S.C. § 1983.

76.     Sheriff of Cook County should be liable for punitive damages as a result of the final policy making authority which resulted in Alexander's injury.

WHEREFORE, Alexander prays that this court enter judgment in his favor and against, Sheriff's Department of Cook County and Sheriff of Cook County jointly and severally liable for one indivisible injury, and award the Plaintiff (i) damages for violation of his rights and for compensation for pain and suffering due to the injury mentioned above in the amount of $75,000.00, (ii) the costs of his suit, including reasonable attorneys' fees, (iii) any further relief that this Court deems appropriate and just.

Dated: August 8, 2018                                              Respectfully submitted,

                                                                   **NATHANIEL ALEXANDER**


                                                           By:  /s/ Robert J. Schneider
                                                                One of his Attorneys

Robert J. Schneider, Esq. (2499223)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, #2800
Chicago, Illinois 60601
Telephone:    312-527-4000
Email:        (rschneider@taftlaw.com)

**CERTIFICATE OF SERVICE**

I certify that I have served the AMENDED COMPLAINT via the Court's CM/ECF system on August 8, 2018, to opposing counsel of record.

| | |
|---|---|
| Dated:  August 8, 2018 | By:  /s/ Robert J. Schneider |
| | Robert J. Schneider |